# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANTZ E. ARNELL,<br><br>                Plaintiff,<br>vs.<br><br>JUDGE W. McADAM, Department 8 Superior Court of California, County of San Diego, South County Judicial District,<br><br>                Defendants. | CASE NO. 07cv0743-LAB (RBB)<br><br>**ORDER DENYING *EX PARTE* MOTION FOR RECUSAL** |

On April 24, 2007, Plaintiff filed his complaint against Judge W. McAdam of the Superior Court of California, alleging irregularities in connection with certain legal proceedings before Judge McAdam. According to the complaint, which exceeds 170 pages in length, Plaintiff was involved in an altercation with a neighbor and was tried on criminal charges before Judge McAdam. After being convicted and unsuccessfully attacking his conviction, he now seeks damages against Judge McAdam. Judge McAdam is the only named Defendant, although Plaintiff alleges corruption and incompetence on the part of other judges and attorneys in the office of the District Attorney.

/ / /

/ / /

/ / /

This case was initially assigned to Judge Napoleon Jones, who recused,[1] after which the case was assigned to Judge James Lorenz, who recused following Plaintiff's motion for recusal. This case was then assigned to Judge Thomas Whelan, who recused following Plaintiff's motion for recusal. Thereafter, this case was assigned to Judge Larry Burns. Plaintiff has moved *ex parte* for Judge Burns' recusal.

The bases for Plaintiff's *ex parte* motion are Judge Burns' former employment in the District Attorney's office 22 years previously, and Plaintiff's belief that Judge Burns has friendly relationships with the state court judges against whom wrongdoing is alleged, as well as with Judges Lorenz and Whelan. Plaintiff also, inexplicably, contends that Judge Burns "owes his current position" to an unnamed political organization associated with the District Attorney's office. Plaintiff also appears to believe that Judge Burns has been a California Superior Court judge,[2] which is not accurate. Plaintiff's theory is that Judge Burns would be unwilling to expose misconduct in the state court and in the District Attorney's office.

Recusal of federal judges is governed by 28 U.S.C. §§ 144 and 455. Under § 144, a party must show "personal bias or prejudice either against him or in favor of any adverse party . . . ." Under § 455(b), a judge must disqualify himself if any of certain specific conditions are met. None are applicable in this case. Under the broader provision of § 455(a), a judge is required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." The Ninth Circuit has explained that judges should only recuse when there is good reason for doing so: "[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1179 (9th Cir. 2005) (citation and internal quotation marks omitted).

/ / /

---

[1] Judge Jones summarily recused without stating his reasons for doing so; his recusal was not in response to a motion or other request by Plaintiff.

[2] Judge Burns' "experience as a prosecutor and as a Superior Court Judge would be invaluable if he was willing to impartially expose the pattern of misconduct that has led to this case." Motion for Recusal at 3:8–10.

The inquiry into a judge's possible partiality is "an objective one, made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Microsoft Corp. v. United States*, 530 U.S. 1301, 121 S.Ct. 25, 26, 147 L.Ed.2d 1048 (2000) (Rehnquist, J.) (citations omitted).

The mere fact that a judge previously served in a government office that prosecuted a defendant does not require recusal. *United States v. Silver*, 245 F.3d 1075, 1079 (9th Cir. 2001) (finding recusal was not warranted where judge had been a United States Attorney while criminal defendant was being investigated by the U.S. Attorney's office); *Gravenmier v. United States*, 469 F.2d 66 (9th Cir. 1972) (holding that recusal was not required even where judge was of counsel to the United States Attorney's office when the defendant was tried and convicted of an unrelated charge). Furthermore, Judge Burns' employment with the District Attorney's office ended 22 years in the past and would not raise reasonable questions as to his impartiality in this case. *See Silver*, 245 F.3d at 1080 (noting ten-year lapse between indictment in the case at bar, and the judge's service in United States Attorney's office where defendant was investigated on an unrelated charge).

The vague suggestion that persons who promoted Judge Burns' appointment as a district court judge might resent or be disappointed by rulings adverse to Judge McAdam does not counsel recusal. *Matter of Mason*, 916 F.2d 384, 387 (7th Cir. 1990) ("Reasonable, well-informed observers of the federal judiciary understand that judges with political friends or supporters regularly cast partisan interests aside and resolve cases on the facts and law. Judges with tenure need not toady, and don't.")

Judge Burns' current collegial association with Judges Lorenz and Whelan does not require recusal. Judges Lorenz specifically rejected all Plaintiff's suggested reasons for recusal, and instead gave his relationship with Judge McAdam as his reason for recusal. Judge Burns, however, is not personally acquainted with Judge McAdam. Judge Whelan summarily recused without stating his reasons for doing so. Plaintiff appears to be implying that the alleged biases of Judges Lorenz and Whelan should be imputed to Judge Burns, which is incorrect. Furthermore, every judge in this District is a professional colleague of

1 | these two judges; thus, even if the collegial relationship between Judge Burns and Judges
2 | Lorenz and Whelan introduced a bias or appearance of impropriety, the rule of necessity
3 | would render recusal inappropriate. *Ignacio v. Judges of U.S. Court of Appeals for Ninth
4 | Circuit*, 453 F.3d 1160, 1163 (9th Cir. 2006) (citing *United States v. Will*, 449 U.S. 200, 213
5 | (1980) (holding that the rule of necessity is an exception to the recusal requirements of 28
6 | U.S.C. § 455)).

For these reasons, Plaintiff's Motion for Recusal is hereby **DENIED**.

**IT IS SO ORDERED**.

DATED: July 10, 2007

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge