# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANTZ E. ARNELL,<br><br>                          Plaintiff,<br>   vs.<br><br>JUDGE W. McADAM, Department 8 Superior Court of California, County of San Diego, South County Judicial District,<br><br>                        Defendants. | CASE NO. 07cv0743-LAB (RBB)<br><br>**ORDER TO SHOW CAUSE RE: SANCTIONS; AND ORDER STRIKING NOTICE OF WITHDRAWAL OF SECOND RECUSAL MOTION** |

On June 29, 2007, Plaintiff filed a motion seeking to disqualify Judge Larry Burns. On July 10, 2007, this motion was denied. On July 17, 2007, Plaintiff filed an additional motion seeking to disqualify Judge Burns on the basis that Judge Burns was not mentally competent to preside in this matter (the "Second Recusal Motion"). On July 23, 2007, the Court ordered the Second Recusal Motion stricken and ordered Plaintiff to appear at a hearing on August 13, 2007 at 12:00 noon and show cause why he should not be sanctioned pursuant to Fed. R. Civ. P. 11 for having filed it. This order explained that no briefing was required. It also directed Plaintiff to review Civil Local Rule 7.1 and Fed. R. Civ. P. 11, both of which it appeared Plaintiff had violated.

///

On July 20, 2007, Plaintiff again submitted to the Court a pleading, captioned "Complaint to Chief Justice that Judge Burns is Mentally Incapacitated" (the "Third Recusal Motion"). The Court rejected this for filing by an order signed July 31, 2007, and entered August 3. By this same order, the Court amended its previous order to show cause, and directed Plaintiff to appear at a hearing on August 13, 2007 at 12:00 noon and show cause why he should not be sanctioned for filing both the Second Recusal Motion and the Third Recusal Motion. This order likewise explained that no briefing was required.

On July 31, Plaintiff without leave filed a document styled "Response to Judge Burns' Order Striking Successive Motion for Recusal, and Order Re: Sanctions. Retraction of Motion" (the "Notice of Withdrawal"). Because the order of August 3, 2007 was not yet entered in the docket when Plaintiff filed his Notice of Withdrawal, it is apparent he did not yet have notice of amendments to the Court's previous order to show cause. He clearly did have notice of the Court's order striking the Second Recusal Motion, however: He quotes from it, and mentions the date and time he is to appear and show cause.

Plaintiff's attempt to withdraw his Second Recusal Motion comes too late. The Second Recusal Motion has already been ordered stricken from the docket, as Plaintiff is aware, and it has in fact already been so stricken. As Plaintiff may have learned from reviewing Fed. R. Civ. P. 11(c)(1)(A), sanctions for a Rule 11 violation may sometimes be avoided by withdrawing the allegedly offending pleading. However, this safe harbor provision applies when an opposing party has moved for sanctions, and not after the Court has *sua sponte* ordered a party to show cause pursuant to Rule 11(c)(1)(B), *United Nat'l. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115–16 (9th Cir. 2001), as is the case here. Monetary sanctions may also be avoided if the offending filing is withdrawn <u>before</u> the Court issues an order to show cause, Rule 11(c)(2)(B), although here it is clear Plaintiff attempted to withdraw the Second Recusal Motion only <u>after</u> he had notice of the Court's order to show cause. **Therefore, Plaintiff is advised that his attempted withdrawal of the Second Recusal Motion does <u>not</u> excuse him from appearing at the hearing on August 13, 2007 at 12:00 noon or showing cause why he should not be sanctioned.**

Furthermore, the Notice of Withdrawal adds its own accusations and insulting remarks against the Court. In most cases, these represent repeated and even magnified versions of previous accusations and remarks the Court has admonished Plaintiff are inappropriate in any paper filed with the Court. Virtually the entire Notice of Withdrawal is filled with disparaging remarks impugning the integrity of the Court and accusing Judge Burns of incompetence and dishonesty. To cite some of the more egregious examples:

> . . . Unable to find anything in the complaint to give credibility to his false statement, Judge Burns turns to plaintiff's first recusal motion.

(Notice of Withdrawal at 2:24–25.)

> Judge Burns admits that he has an inability to comprehend something that is obvious to every federal prosecutor, federal judge, and half the population . . . .

(*Id.* at 2:27–3:1.)

> . . . Judge Burns pretends that he has the 12 years of training at the best institutions in the world, the 25+ years of experience, the medical acumen required to do cutting edge research, the god given talent and the credentials to challenge Plaintiff's diagnosis.[1] No second year law student in his or her right mind would do this.

(*Id.* at 3:12–16.)

> Judge Burns had many options short of attempting to justify his false statement and making personal unsubstantiated charges against plaintiff. Instead, Judge Burns attacks the plaintiff creating an adversarial relationship where he can't be seen as impartial even if the diagnosis is wrong.

(*Id.* at 3:24–27.)

The Notice of Withdrawal is also riddled with inaccuracies that a reasonable inquiry such as is required under Rule 11(b) would easily have uncovered. It is unclear to the Court

---

[1] Previously, Plaintiff purported to diagnose Judge Burns as mentally incompetent based on an alleged error in the Court's recitation of the procedural history. In the Notice of Withdrawal, Plaintiff re-emphasizes and expands on his diagnosis. (*See* Notice of Withdrawal at 3:8–23; *see especially id.* at 3:9–10 ("The diagnosis is an educated professional opinion . . . .") and *id.* at 3:19–21 ("[Plaintiff] has an obligation to make the diagnosis for Judge Burns because plaintiff also believes that the sanctity of our judicial system requires it.")) The diagnosis of mental incapacity is based on Plaintiff's claim that one sentence in the procedural history as recited by the Court inaccurately summarizes the complaint. (See Second Recusal Motion at 3:21–28; Third Recusal Motion at 3:27–4:5; 5:3–8.)

1 at this time whether these are errors caused by a failure to make reasonable inquiry, or
2 deliberate distortions.  For example, Plaintiff states:

> Page 1, line 24 [of the Court's order issued July 23, 2007], Judge Burns points out a typographical error, (hearing date 9/13/2007 instead of 9/14/2007[2] which should have been caught by the court clerk.  He goes on to state that this is a violation [of] local rules 7.1(b) and 7.1(e).

(Notice of Withdrawal at 1:28–2:3.)  The Court's order, however, did not find fault with an typographical error in a hearing date, but rather with the fact that Plaintiff selected his own hearing date rather than obtaining it from chambers as Civil Local Rule 7.1(b) requires.  The Court explained this to Plaintiff in detail.  (Order of July 23, 2007, at 1:23–2:11.) Furthermore, as the Court explained, selecting a date less than 28 days away interferes with the briefing schedule provided for under Civil Local Rule 7.1(e).  (*Id.* at 2:11–13.)  As to the suggestion that the error consisted in giving the 13th rather than the 14th as the hearing date is inaccurate; no hearing is, or ever was, scheduled on August 14, 2007 in this matter.

Furthermore, Plaintiff's suggestion that this error was not Plaintiff's fault but rather that of the court Clerk, lacks any reasonable basis.  Plaintiff bears the responsibility for documents he presents to the Court, and it is not the role of the Clerk of court to act as Plaintiff's advocate and correct his drafting errors.  *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986) (holding that it is not the court's role to act as advocate for any litigant, even one proceeding *pro se*); *see also* Fed. R. Civ. P. 11(b).

To cite another example, Plaintiff repeats his assertion that the Court's 1-sentence statement of the procedural history below is erroneous.  (Notice of Withdrawal at 2:20–23.) He then reaffirms and expands on his earlier claims that such an error in written material, standing alone, is a fully adequate basis for his diagnosis that Judge Burns is mentally incapacitated:

/ / /

/ / /

---

[2] Apparently, Plaintiff means 8/13/07 and 8/14/07.  No hearings are scheduled in September, 2007 in this matter.

> The diagnosis is an educated professional opinion which requires "proof" as understood and required in the medical profession to justify a diagnosis. . . In California the test for incapacity is *less* than a 4 page, proof- read [sic] written statement and doesn't have to be given by a specialist.

(*Id.* at 3:9–11, 21–23.)

As the Court pointed out previously (Order of August 3, 2007 at 10:1–11:6), it is irrelevant for this point whether the Court's 1-sentence statement regarding the procedural history is accurate or erroneous. It is ordinary common sense that anyone, even lawyers and judges, can make an error. Plaintiff is clearly aware of this, because he has repeatedly accused lawyers and judges of foolish errors. Bearing this in mind, it is also common sense that a medical doctor cannot diagnose mental or neurological illness in a person he has never examined or met based solely on one error. Even assuming Plaintiff is right and the Court misstated the procedural history, Plaintiff's claims that his diagnosis was made in good faith and has a reasonable basis have no reasonable basis. By repeating them, he again appears to have violated Fed. R. Civ. P. 11(b).

As noted above, these examples are not exhaustive: Virtually the entire Notice of Withdrawal distorts the record or the Court's rulings, baselessly accuses the Court, or insults the Court.

For essentially the same reasons identified in the Court's order of July 23, in the Court's order of August 3, 2007, and in the analysis above, the Notice of Withdrawal appears to violate Fed. R. Civ. P. 11(b). Moreover, this represents the third of Plaintiff's apparently knowing violations, and Plaintiff has been given notice of his earlier violations.

**Therefore, at the hearing on August 13, 2007 at 12:00 noon at which Plaintiff is already under orders to appear, Plaintiff is also ORDERED to show cause why he should not be sanctioned pursuant to Fed. R. Civ. P. 11 or held in contempt for filing his Notice of Withdrawal.**

/ / /

/ / /

/ / /

1 | The Clerk shall strike the Notice of Withdrawal (docket no. 17). The Clerk shall mail
2 | a copy of this order to Plaintiff's address as given in the docket, as well as his address as
3 | given at the top of Plaintiff's Notice of Withdrawal.

5 | **IT IS SO ORDERED**.
6 | DATED: August 8, 2007

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge